```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
Michael Cortez,
                                            Case No.:
                    Plaintiff,              20cv7775(AKH)

          - against -                       VERIFIED
                                            ANSWER TO
Stillwell Ready-Mix and Building Materials  AMENDED
LLC., Stillwell Ready Mix LLC, Stillwell    COMPLAINT
Realty & Vito Gargano,                      WITH
                                            COUNTERCLAIMS
                    Defendants.
----------------------------------------X
```

Defendants, Stillwell Ready-Mix and Building Materials LLC., Stillwell Ready Mix LLC, and Vito Gargano by their Verified Answer to the Amended Complaint with Counterclaims, allege upon information and belief and at all times hereinafter mentioned, as follows:

1. Admits each and every allegation contained in paragraphs 1 except that defendants are not familiar with plaintiff's sexual orientation and that plaintiff did not work for a period of two (2) years, and 2 except that Stillwell Ready Mix, LLC is a dissolved limited liability company and the correct location is 2543 Stillwell Avenue, Brooklyn, New York and that defendants are not affiliated with any entity named "Stillwell Realty" that is listed as a defendant herein,  and of the Amended Complaint.

2. Denies each and every allegation contained in paragraphs 3, 4, 5, 6, 7 however admits that the named

defendant, Stillwell Ready Mix and Building Materials, LLC conducts business in New York, 10, 11, 12, 17, 18, 24, 25, 26, 27, 29, 30, 32, 33, 34, 35, 36, 38, 39, 41, 42, 46, 47, 48, 49, 57, 58, 60, 61, 62, 63, 64, 70, 71, 72, 73, 74, 75, 77, 78, 79, 82, 83, 84, 93, pg. 14 paragraph 82 (hereinafter paragraph numbers are not in order so reference will be made by page number), page 14. 84, page 14. 85, pg. 14 87, pg. 14 88, pg. 14 89, pg. 14 91, pg. 15 93, pg. 15 94, pg. 15 97, pg. 15 99, pg. 15 100, pg. 16 102, and pg.16 104 of the Amended Complaint.

3. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 8, 9, 13, 14, 15, 16, 19, 20, 21, 22, 23, 28, 31, 37, 40, 43, 44, 45, 50, 51, 52, 53, 54, 56, 59, 65, 66, 67, 68, 69, 76, 80, 81, 85, 86, 87, 88, 89, 90, 91, pg. 15 96, and pg. 16 103 of the Amended Complaint, and respectfully refers all questions of law to this Honorable Court.

4. Defendants repeat and reiterate the Answers contained above as to paragraphs 92, page 14 paragraph 83 (hereinafter paragraph numbers are not in order so reference will be made by page number), pg. 14 86, pg. 14 90, pg. 15 92, pg. 15 95, pg. 15 98, and pg. 15 101 of the Amended Complaint.

FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a cause of action upon which relief can be granted

SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

FOURTH AFFIRMATIVE DEFENSE

The action is barred by the equitable doctrine of laches.

FIFTH AFFIRMATIVE DEFENSE

The action is barred by the doctrine of unclean hands.

SIXTH AFFIRMATIVE DEFENSE

The action is barred by failure to comply with condition(s) precedent.

SEVENTH AFFIRMATIVE DEFENSE

The action is barred by the doctrine of unconscionability.

EIGHTH AFFIRMATIVE DEFENSE

The action is barred by violation of law.

NINETH AFFIRMATIVE DEFENSE

The Plaintiff lacks standing.

## TENTH AFFIRMATIVE DEFENSE

The action is barred by the doctrines of waiver and estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

The action is barred by the applicable statute of limitations, including but not limited to 29 U.S.C.A. § 255.

## TWELFTH AFFIRMATIVE DEFENSE

The action is barred by the failure to join indispensable party(-ies).

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over the instant matter.

## FIFTEENTH AFFIRMATIVE DEFENSE

This action is barred by the Statue of Frauds.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred because the plaintiff is exempt from the overtime requirements of the Fair Labor Standards Act, 29 U.S.C.A. §§ 201 et seq.,(F.L.S.A.).

## SEVENTEENTH AFFIRMATIVE DEFENSE

The plaintiff is precluded from recovering any amounts from Defendants where Defendants have paid to the Plaintiff all sums legally due under the F.L.S.A.

### EIGHTEENTH AFFIRMATIVE DEFENSE

With respect to some or all claims brought or allegedly brought by the plaintiff, Defendants affirmatively plead that any act(s) and/or omission(s) which may be found to be in violation of the rights afforded by the F.L.S.A. were not willful but occurred in good faith with reasonable grounds for believing that it was in full compliance with the F.L.S.A.

### NINETEENTH AFFIRMATIVE DEFENSE

The plaintiff is precluded from recovering any liquidated damages from Defendant where Defendant has, at all times, acted in good faith and paid all sums considered to be legally due in good faith reliance on the F.L.S.A.

### TWENTIETH AFFIRMATIVE DEFENSE

The plaintiff may NOT recover liquidated damages, because: (1) Defendant and all of its officers, directors, managers, or agents acted at all times in good faith and did not commit any willful violation of any of the F.L.S.A.; (2) Defendant (including its officers, directors, managers, and agents) did not authorize or ratify any such

willful violation with respect to the plaintiff; and (3) The plaintiff has failed to plead facts sufficient to support recovery of such damages

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The plaintiff's Amended Complaint should be dismissed since the claims against the defendants are frivolous; and costs and attorneys fees should be awarded to defendant pursuant to CPLR 8303-a.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant has not engaged in interstate commerce and therefore the causes of action regarding Title VII and F.L.S.A. do not apply and are frivolous.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Faragher-Ellerth Defense: (a) the employer exercised reasonable care to prevent promptly and sexually harassing behavior; and (b) the employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Avoidable Consequences Doctrine

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The "Same Decision Defense": Defendant would have treated Plaintiff the same even if Plaintiff's protected class played no role in the employment decision.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendants invoke the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C § et. Seq.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

At all times, Defendants acted in good faith and had reasonable grounds and action were in compliance with F.L.S.A.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks damages not recoverable under the F.L.S.A, Plaintiff is barred from recovery.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff did not take advantage of remedial measures available to him by the Defendants.

### THIRTIETH AFFIRMATIVE DEFENSE

The harassing conduct alleged does not ruse above the level of what a reasonable victim of discrimination would consider petty slight or trivial inconvenience.

### AS AND FOR A FIRST COUNTERCLAIM

5. Defendants repeat and reiterate each and every allegation contained in paragraphs "1" through "4" inclusive of this Verified Answer with Counterclaims, with the same force and effect as if set forth herein at length.

6. Plaintiff Michael Cortez (hereinafter "Plaintiff") was negligent in the course of his duties performed while he was employed by Defendant Corporation, Stillwell Ready-Mix and Building Materials, LLC (hereinafter "Stillwell").

7. On or about April 2018, Defendant Stillwell hired Plaintiff, and that Plaintiff would perform certain duties in exchange for compensation.

8. Plaintiff's duties were largely ministerial and administrative; he was charged with answering the company phone, and taking orders from customers, which included correctly recording customers addresses and their requests.

9. Plaintiff owed a duty to Stillwell to work with reasonable care and skill in the course of his employment.

10. On multiple occasions, Plaintiff breached this duty by negligently recording incorrect information from customers who called the business.

11. On multiple occasions, Plaintiff breached this duty by negligently recording incorrect addresses from

customers, which resulted in products being sent to the wrong location.

12. As a result of this negligent behavior, products were sent to the wrong locations, orders were not completed, and customers' information was recorded incorrectly.

13. As a direct result of Plaintiff's negligent behavior, Stillwell lost substantial amounts of money, from having to correct the mistakes that Plaintiff made, reputation loss from angry customers, and for other reasons consequential to Plaintiff's negligence.

14. As a result of the foregoing and other reasons, Defendants demand judgment against Plaintiff with costs and disbursements, for an amount to be determined at trial which exceeds the jurisdictional limits of all lower courts.

## AS AND FOR A SECOND COUNTERCLAIM

15. Defendants repeat and reiterate each and every allegation contained in paragraphs "6" through "14" inclusive of this Answer with Counterclaims, with the same force and effect as if set forth herein at length.

16. During the time period of Plaintiff's employment with Stillwell, there existed several contractual

agreements between certain high profile clients and Stillwell.

17. Plaintiff had knowledge of those agreements between Stillwell and high profile clients.

18. Plaintiff intentionally and improperly interfered with the agreements by yelling at and hanging up on those clients while they were expressing a concern to Plaintiff, and laughing afterwards, which endangered and harmed those relationships.

19. Because of Plaintiff's actions, the relationships with these clients were harmed, and Stillwell lost business and sustained reputation loss.

20. As a result of the foregoing and other reasons, Stillwell demands judgment against Plaintiff with costs and disbursements, for an amount to be determined at trial which exceeds the jurisdictional limits of all lower courts.

AS AND FOR A THIRD COUNTERCLAIM

21. Defendants repeat and reiterate each and every allegation contained in paragraphs "16" through "20" inclusive of this Answer with Counterclaims, with the same force and effect as if set forth herein at length.

22. During the time period of Plaintiff's at-will employment with Stillwell, Plaintiff published numerous

false statements about co-workers and managers of Defendant Vito Gargano and Stillwell on Social Media.

23. The false statements published by Plaintiff were made without privilege or authorization from any of the proper parties involved.

24. The false statements published by Plaintiff were made on social media and elsewhere to various third parties.

25. Defendant Stillwell sustained damages due to reputation loss caused by the Plaintiff's libelous activities.

26. As a result of the foregoing and other reasons, Defendants demand judgment against Plaintiff with costs and disbursements, for an amount to be determined at trial which exceeds the jurisdictional limits of all lower courts.

AS AND FOR A FOURTH COUNTERCLAIM

27. Defendants repeat and reiterate each and every allegation contained in paragraphs "22" through "26" inclusive of this Answer with Counterclaims, with the same force and effect as if set forth herein at length.

28. During the time period of Plaintiff's employment by Stillwell, Plaintiff published numerous false statements about Defendant Vito Gargano on Social Media.

29. The false statements published by Plaintiff were made without privilege or authorization from any of the proper parties involved.

30. The false statements published by Plaintiff were made on social media and elsewhere to various third parties.

31. Defendant Vito Gargano sustained damages due to reputation loss caused by the Plaintiff's libelous activities.

32. As a result of the foregoing and other reasons, Defendants demand judgment against Plaintiff with costs and disbursements, for an amount to be determined at trial which exceeds the jurisdictional limits of all lower courts.

## AS AND FOR A FIFTH COUNTERCLAIM

33. Defendants repeat and reiterate each and every allegation contained in paragraphs "28" through "32" inclusive of this Answer with Counterclaim, with the same force and effect as if set forth herein at length.

34. During the time period of Plaintiff's at-will employment by Stillwell, Plaintiff breached his duty of good faith owed to Plaintiff by using his time at the company frivolously to post on social media and falsely complain about the company.

35. Instead of posting on social media and slacking off on the job, Plaintiff should have been devoting his attention to his duties, which included tending to the cashier, phone, and properly taking customer orders.

36. As a result of Plaintiff's breach of the duty of good faith, Defendant suffered damages due to incompetent workmanship, reputation loss, and other economic and financial losses.

37. As a result of the foregoing and other reasons, Defendants demand judgment against Plaintiff with costs and disbursements, for an amount to be determined at trial which exceeds the jurisdictional limits of all lower courts.

AS AND FOR A SIXTH COUNTERCLAIM

38. Defendant repeats and reiterates each and every allegation contained in paragraphs "34" through "37" inclusive of this Answer with Counterclaim, with the same force and effect as if set forth herein at length.

39. On or about April 2018, Defendant Stillwell hired Plaintiff, and that Plaintiff would perform certain duties in exchange for compensation.

40. Plaintiff was in charge of performing ministerial duties such as answering the company phone and taking orders from customers, which included correctly recording customers addresses and their requests.

41. Defendant performed all relevant obligations under the agreement by properly compensating Plaintiff as per the terms of the agreement.

42. Plaintiff was unjustly enriched at the Defendant's expense when he used the time he was supposed to be using to complete his duties to, instead, post pictures of himself on social media as well as to post libelous materials on social media.

43. Defendant has been unjustly deprived of the compensation he paid to Plaintiff in good faith for completing his duties under the agreement.

44. It is against equity and good conscience to permit Plaintiff to retain the amounts he took from Defendant as compensation for performing his duties under the agreement when Plaintiff was knowingly slacking off on the job by posting pictures of himself on social media as

well as posting libelous materials on social media during Plaintiff's work hours.

45. As a result of the foregoing and other reasons, Defendants demand judgment against Plaintiff with costs and disbursements, for an amount to be determined at trial which exceeds the jurisdictional limits of all lower courts.

**WHEREFORE**, defendants, Stillwell Ready-Mix and Building Materials, L.L.C., and Vito Gargano demands judgment dismissing the Amended Complaint and with prejudice; together with the costs and disbursements of this action, attorneys' fees, (AND SOMETHING ABOUT COUNTERCLAIMS- LOOK TO KELLERMAN) and such other and further relief as the Court deems just and proper.

Dated:   Brooklyn, New York
         November 5, 2020

                                        Yours, etc.


                              By: _____
                                  Salvatore E. Strazzullo, Esq.
                                  Strazzullo Law & Associates, PLLC
                                  7101 18th Avenue
                                  Brooklyn, New York 11204
                                  718-259-4600
                                  maria.p@strazzullolaw.com
                                  *Attorneys for Defendants*
                                  *Stillwell Ready-Mix and Building*
                                  *Material, LLC and Vito Gargano*

```
TO:   Gregory Antollino, Esq.
      Antollino PLLC
      275 Seventh Avenue, Seventh Floor
      New York, New York 10001
      212-334-7397
      gregory@antollino.com
      Attorneys for Plaintiff
```

## VERIFICATION

STATE OF NEW YORK )
                                      ss.:
COUNTY OF KINGS )

Vito Gargano being duly sworn, deposes and says; that I am a member of Stillwell Ready-Mix and Building Materials L.L.C., and individually the defendants in the within action.

That I have read the foregoing VERIFIED ANSWER TO THE AMENDED COMPLAINT WITH COUNTERCLAIMS and know the contents thereof and know the contents thereof; that the same is true to my own knowledge except as to those matters therein stated to be alleged upon information and belief, and that is to those matters I believe it to be true.

_____
Vito Gargano

Sworn to before me this
5th day of November 2020

_____
Notary Public

[Notary seal: MARIA PATELIS, NOTARY, NO. 02PA6053134, QUALIFIED IN RICHMOND COUNTY, COMM. EXP. 01-02-23, STATE OF NEW YORK]