UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
MICHAEL CORTEZ,  :
 :
       Plaintiff,  :  **ORDER GRANTNG IN PART**
 :  **MOTION TO DIMISS**
   v.  :  **COUNTERCLAIMS AND**
 :  **STRIKE DEFENSES**
STILLWELL READY-MIX AND BUILDING  :
MATERIALS, L.L.C., STILLWELL  :  20 Civ. 7775 (AKH)
READY MIX L.L.C., STILLWELL REALTY  :
L.L.C., and VITO GARGANO,  :
 :
       Defendants.  :
-------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiff Michael Cortez brought this action to recover damages from Defendant for wrongful termination and discrimination on the basis of Plaintiff's sexual orientation. *See* Second Am. Compl. ("SAC"), ECF No. 34. On March 19, 2021 Defendants answered, denying the allegations and asserting counterclaims for employee negligence, tortious interference with business relations, defamation, breach of fiduciary duty, and unjust enrichment. *See* ECF No. 36. Plaintiff has now moved under Rule 12(b)(6) to dismiss Defendants' counterclaims and strike certain affirmative defenses. For the reasons that follow, Plaintiff's motion to dismiss the counterclaims is granted, while the motion to strike affirmative defenses is denied as to all affirmative defenses except the tenth.

# BACKGROUND[1]

Defendants Stillwell Ready-Mix and Building Materials, L.L.C. ("Stillwell") and Stillwell Ready Mix L.L.C. are companies operating in the cement industry, owned and operated by Vito Garagano (collectively "Defendants").  Defendants deny any association between Stillwell Realty and plaintiff, and maintain that Stillwell Ready Mix, LLC has been dissolved.  Countercls. at ¶ 2.  Plaintiff Michael Cortez is a former employee who identifies as gay and previously worked for Stillwell.  Plaintiff began working for Defendants in April 2018 in an administrative capacity, primarily by answering phones and taking customer orders.  *Id.* at ¶¶ 7–8.

On multiple occasions during his employment, Plaintiff incompletely or incorrectly recorded customer information and addresses, which resulted in product deliveries to the wrong locations.  *Id.* at ¶¶ 11–12.  In other instances, Plaintiff spoke on the phone with various Stillwell customers but yelled at them or hung up the phone without fulfilling customer requests.  *Id.* at ¶ 18.  Rather than fulfill his workplace responsibilities, Plaintiff would use company time to post on social media, in some instances to disseminate false information about Stillwell or its owner Vito Gargano.  *See id.* at ¶¶ 22, 28–30, 34–35, 42.  The allegations contained in the Answer and Counterclaims do not provide specifics about the posts said to be false.  Gargano ultimately fired Plaintiff, and this suit ensued.

---

[1] The facts contained in this section are based upon the factual allegations set forth in the Answer to Second Amended Complaint with Counterclaims ("Counterclaims" or "Answer"), ECF No. 36, and I assume the allegations to be true in considering the motion to dismiss under Rule 12(b)(6).  *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007).  However, the Court's reference to these allegations should be not construed as a finding as to their veracity, and the Court makes no such findings.

## DISCUSSION

### I.  Motion to Dismiss Counterclaims

"The pleading standard applicable to complaints under Federal Rule of Civil Procedure 12(b)(6) applies equally to counterclaims." *Burton v. Label, LLC*, 344 F. Supp. 3d 680, 691-92 (S.D.N.Y. 2018). Thus, Defendants' counterclaims "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For purposes of this motion, I assume all factual allegations in Defendants' Answer and Counterclaims are true, and draw all reasonable inferences in their favor. *See Khodeir v. Sayyed*, 323 F.R.D. 193, 198, 200-01 (S.D.N.Y. 2017).

As an initial matter, the pleading is woefully inadequate for each counterclaim. The Answer and Counterclaims do not indicate the purported cause of action for each counterclaim, leaving Plaintiff (and this Court) to guess as to what claims Defendants attempt to assert. Even if the Answer had identified specific claims, the pleading throughout would fall well short of providing sufficient facts to state a plausible claim. *See Iqbal*, 556 U.S. at 678. Simply put, the counterclaims do not comply with Rule 8's requirement for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). I address each in turn with more specificity and provide additional reasons for dismissing each counterclaim.

#### A.  Employee Negligence

Defendants' first counterclaim appears to sound in negligence. Defendants allege that Plaintiff performed his duties negligently and that, as a result, Defendants suffered damages. Such a claim is plainly barred by established New York law. *Burke v. Steinman*, 2004 WL 1117891, at *6 (S.D.N.Y. May 18, 2004) ("[U]nder New York law employers may not assert a

claim for damages against an employee for the employee's alleged negligent acts, or sue employees for lost profits caused by alleged poor performance.") (citing N.Y. Lab. L. § 193); *Barbagallo v. Marcum*, 925 F. Supp. 2d 275, 298 (E.D.N.Y. 2013) ("In New York, an employer cannot sue an employee for negligence or poor performance.") (citing N.Y. Lab. L. § 193). Though Defendants were free to terminate Plaintiff for alleged poor performance, they may not now hold him responsible for damages those purported failings may have caused. Because there is no cause of action of action for employee negligence in New York, this claim is dismissed.

### B. Tortious Interference with Contract

Defendants' second counterclaim appears to allege tortious interference with contract.[2] *See* Countecl. at ¶¶ 16–20. "Under New York law, the elements of a tortious interference claim are: (a) that a valid contract exists; (b) that a "third party" had knowledge of the contract; (c) that the third party intentionally and improperly procured the breach of the contract; and (d) that the breach resulted in damage to the plaintiff." *Finley v. Giacobbe*, 79 F.3d 1285, 1294 (2d Cir.1996).

Defendants fail to state a claim for tortious interference for multiple reasons. First, such a claim cannot be made against an employee, for the reasons described in the previous section. Second, the claims are vague and conclusory. Defendants assert only that there existed "contractual agreements between high profile clients and Stillwell." Countercls. at ¶ 16. Defendants do not allege the existence of particular contracts, the parties to those contracts, or

---

[2] The counterclaims, alone, do not make clear whether Defendants assert a claim for tortious interference with contract or tortious interference with prospective economic advantage. *See* Counterclaims at ¶¶ 15–20. In briefing, Defendants contend the second counterclaim alleges, "Plaintiff intentionally and improperly interfered with Defendants' **business contracts**." Opp'n Br. at ¶ 37 (emphasis added). Accordingly, I construe the claim as one for tortious interference with contract. Even if I construed Defendants' claim as one for tortious interference with prospective economic advantage, they would still be inadequately plead and I would dismiss them. *See 16 Casa Duse, LLC v. Merkin*, 791 F.3d 247, 261 (2d Cir. 2015) (quoting *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 547 F.3d 115, 32 (2d Cir. 2008)).

the terms of those contracts. *See Plasticware, LLC v. Flint Hills Resources, LP*, 852 F.Supp.2d 398, 402 (S.D.N.Y. 2012) (dismissing claim for insufficient specificity as to the contract parties); *Bose v. Interclick, Inc.*, 2011 WL 4343517, at *10–11 (S.D.N.Y. Aug. 17, 2011) (dismissing tortious interference with contract claim where plaintiff did not "specify any individual contract that was breached" and failed to describe any contractual terms); *Ho Myung Moolsan Co. v. Manitou Mineral Water, Inc.*, 665 F.Supp.2d 239, 255 (S.D.N.Y. 2009) (denying leave to amend tortious interference with contract claim because plaintiffs did not specify a single customer contract or contractual term with which defendants interfered). Additionally, while Defendants allege that Plaintiff interfered with contracts by yelling at and hanging up on clients, Countercls. at ¶ 18, they do not allege how any contract terms were breached, or how any breaches caused damages. *See Berman v. Sugo LLC*, 580 F.Supp.2d 191, 208 (S.D.N.Y.2008) (dismissing claim that failed to allege how the third party breached a contract); *see also Dune Deck Owners Corp. v. Liggett*, 85 A.D.3d 1093, 1096 (2011). Defendants must do far more to sustain their claims.

### C.  Defamation of Stillwell and Gargano

Defendants' Third and Fourth Counterclaims are for defamation of Stillwell and Vito Gargano, respectively. *See* Countercls. at ¶¶ 21–32. To survive a motion to dismiss, a claim for defamation under New York law must allege the following: "(1) a written defamatory statement of and concerning the plaintiff, (2) publication to a third party, (3) fault, (4) falsity of the defamatory statement, and (5) special damages or per se actionability." *Palin v. New York Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019). Defendants' counterclaims, which allege only that Plaintiff "published numerous false statements . . . on social media," Countercls. at ¶¶ 22, 28, are far from sufficient to adequately plead defamation.

First, Defendants plead nothing about the substance or context of the alleged "false statements" that Plaintiff published on social media.  Although a complaint need not allege the exact words or precise context of a defamatory statement, *see Law Firm of Daniel P. Foster v. Turner Broadcasting System*, 844 F.2d 955, 958 n.3 (2d Cir.1988), it must provide sufficient detail to "apprise defendants of what plaintiff intends to prove" and permit a response.  *Regal Custom Clothiers, Ltd. V. Mohan's Custom Tailors, Inc.*, 1997 WL 370595, at *8 (S.D.N.Y. July 1, 1997); *see also Linell v. N.Y.C. Dep't of Educ.*, 2017 WL 880853, at *2 (E.D.N.Y. Mar. 3, 2017).  Second, Defendants fail to provide any information or context to demonstrate that the false statements were in fact defamatory, as is required.  *See Celle v. Filipino Reporter Enters. Inc.*, 209 F.3d 163, 177 (2d Cir. 2000) (citations omitted); *see also Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 271 (2d Cir. 1999) (general allegations and unsupported claims do not provide "sufficient notice of the communications complained of to enable [Plaintiff] to defend itself")).

Third, Defendants' claims are further deficient because they do not plead any facts to demonstrate the falsity of the statements Plaintiff made.  *See Tannerite Sports, LLC v. NBCUniversal News Grp.*, 864 F.3d 236, 247 (2d Cir. 2017) ("A plaintiff must plead facts demonstrating falsity to prevail on a motion to dismiss the complaint in federal court.")  It is well established that a party alleging defamation must "identify ***how*** the [other party's] statement was false to survive a motion to dismiss." *Id.* at 245 (emphasis added); *see also Huizenga v NYP Holdings*, 2019 WL 1620743, at *3 (S.D.N.Y. Apr. 16, 2019) (Swain, J.) (dismissing complaint that contained "only conclusory assertions" that statements were false).  Fourth, with respect to damages, Defendants assert only that they "sustained damages due to reputation loss."

Countercls. ¶¶ 25, 31.  That is far from enough detail to sustain allegations for special damages, *see Palin*, 940 F.3d at 809, and Defendants make no effort to allege damages otherwise.

### D.  Breach of Fiduciary Duty[3]

Defendants' Fifth Counterclaim fails to allege adequately any of the required elements for a breach of fiduciary duty.  "To state claims under either [breach of fiduciary duty or breach of loyalty], a plaintiff must show [1] the existence of a fiduciary duty, [2] a knowing breach of that duty, and [3] damages resulting from the breach."  *Dewitt Stern Group, Inc. v. Eisenberg*, 257 F.Supp.3d 542, 585 (S.D.N.Y. 2017) (citing *Johnson v. Nextel Commc'ns*, 660 F.3d 131, 138 (2d Cir. 2011)).  "A breach of fiduciary duty, and generally in tandem, of loyalty, occurs when a fiduciary commits an unfair, fraudulent, or wrongful act, including misappropriation of trade secrets, misuse of confidential information, solicitation of employer's customers before cessation of employment, conspiracy to bring about mass resignation of an employer's key employees, or usurpation of the employer's business opportunity."  *Poller v. BioScrip, Inc.*, 974 F.Supp.2d 204, 223 (S.D.N.Y. 2013).

First, Defendants' counterclaims fail to make clear why plaintiff, who performed "ministerial and administrative" duties, Counercls. at ¶ 8, owed a fiduciary duty or a duty of good faith to Defendants. Second, Defendants assert that Plaintiff breached a duty of good faith by using his time at work to post on social media and complain about his employers.  Countercls. at ¶¶ 34–35.  Although such conduct does not reflect the behavior of a model employee, it does not rise to the level of a breach of fiduciary duty.  *See Delville v. Firmenich, Inc.*, 920 F.Supp.2d

---

[3] Defendants allege that, "During the time period of Plaintiff's at-will employment by Stillwell, Plaintiff breached his dutry of good faith owed to Plaintiff."  Countercls. at ¶ 34.  I construe this as a claim for breach of fiduciary duty.  Were I to construe this as a claim for employee negligence, this claim would be duplicative of the first counterclaim.

446, 469 (S.D.N.Y. 2013) (Oetken, J.) (citing *Farricker v. Penson Dev., Inc.*, 2010 WL 845983, at *10 (S.D.N.Y. Mar. 4, 2010)).  Third, Defendants' allegations concerning damages are too vague to survive a motion to dismiss.  *See* Countercls. at ¶ 36.

### E.  Unjust Enrichment

Defendants' counterclaim for unjust enrichment rests on the same grounds as the first four counterclaims and seeks to recover the compensation paid to Plaintiff.  To state a claim for unjust enrichment, Defendants must allege "(1) the other party was enriched, (2) at that party's expense, and (3) that 'it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered.'"  *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182 (2011) (alteration in original) (citation omitted).  In New York, "unjust enrichment is not a catchall cause of action to be used when others fail" and is unavailable "where it simply duplicates, or replaces, a conventional contract or tort claim."  *Corsello v. Verizon New York, Inc.*, 18 N.Y.3d 777, 790–91 (2012).  Defendants claim, in essence, that Plaintiff performed poorly in his job.  *See* Countercls. at ¶¶ 40–44.  That allegation is duplicative of Defendants' first five counterclaims and must be dismissed as a matter of New York law.  *Coppelson v. Serhant*, 2021 WL 2650393, at *4 (S.D.N.Y. June 28 2021); *Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d 283, 296–97 (S.D.N.Y. 2015).

Additionally, Defendants indicate that the employment arrangement with Plaintiff was governed by an agreement or contract.  *See* Countercls. at ¶ 41 ("Defendant performed all relevant obligations under the agreement by properly compensating Plaintiff as per the terms of the agreement.").  To the extent Defendants seek to recover on an unjust enrichment theory for conduct within the scope of any employment contract, such a claim is barred.  *Beth Israel Medical Center v. Horizon Blue Cross and Blue Shield of New Jersey, Inc.*, 448 F.3d 573, 587

(2d Cir. 2006) ("The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter.") (citation omitted).

## II. Motion to Strike Affirmative Defenses

Plaintiff seeks to strike 16 of the 30 affirmative defenses asserted in Defendants' Answer. Specifically, Plaintiff seeks to strike affirmative defenses 2, 3, 7, 8, 9, 11, 12, 14, 15, 16, 17, 21, 22, 24, 27 and 28. However, Plaintiff's explanation as to why I should strike these defenses is cursory at best, and primarily consists of a recitation of the affirmative defenses themselves. *See* Pl. Br at 4–6. Because "it is not enough merely to mention a possible argument in the most skeletal way" to warrant striking an affirmative defense, *Borowski v. Mordino*, 2020 WL 6083425, at *1 (W.D.N.Y. Oct. 15, 2020), Plaintiff's motion to strike is denied as to all affirmative defenses except number ten.

Motions to strike are generally disfavored in this circuit, and the Plaintiff bears a demanding burden to succeed on a motion to strike. *Tardif v. City of New* York, 302 F.R.D. 31, 32–33 (S.D.N.Y 2014). "[T]o prevail on a motion to strike: (1) there may be no question of fact which might allow the defense to succeed; (2) there may be no substantial question of law, a resolution of which could allow the defense to succeed; and (3) the moving party must show that it is prejudiced by the inclusion of the defense." *Cognex Corp. v. Microscan Sys., Inc.*, 990 F.Supp.2d 408, 418, (S.D.N.Y. 2013) (Rakoff, J.). While assessing a motion to strike requires applying a plausibility standard, such an application is a "context-specific" task that must account for the circumstances of any affirmative defenses. *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 97–98 (2d Cir. 2019). Notably, Fed. R. Civ. P. 8(c) requires only that defendants *state* their affirmative defenses, a less onerous standard than Rule 8(a)(2)'s

requirement that pleadings *show* the pleader's entitlement to relief. *See Scott v. WorldStarHipHop, Inc.*, 2012 WL 5835232, at *2 (S.D.N.Y. Nov. 14, 2012).

With respect to nearly all the affirmative defenses he seeks to strike, Plaintiff cannot carry his burden. Plaintiff's briefing is far from sufficient for him to establish that there is neither a question of fact nor a question of law that would prevent each affirmative defense from succeeding. *See Cognex Corp*, 990 F.Supp.2d at 418. Likewise, although it is possible that inclusion of some of the affirmative defenses will result in longer or more expensive litigation, Plaintiff has done little to establish that any particular affirmative defense will prejudice him.

However, the tenth affirmative defense is plainly facially insufficient. That affirmative defense states "The action is barred by the doctrines by waiver and estoppel." Answer at 4. That is duplicative of the second and third affirmative defenses, which invoke, respectively, waiver and estoppel. *See id.* at 3. There is thus no reason to leave the tenth affirmative defense in place, and it is ordered stricken.

## CONCLUSION

Defendants have reacted to a claim of discrimination by seeking to entangle the claim with meaningless counterclaims and defenses. The counterclaims are insufficient in law and are dismissed. The affirmative defenses are likely to fall away in the course of the lawsuit, and only the tenth is dismissed. Defendants' denials sufficiently define the issues, and the complaint will succeed or fail without superfluous counterclaims adding unnecessary expense and confusion.

The clerk shall terminate the motion (ECF No. 37). The parties shall attend to their disclosure obligations and meet with me on January 28, 2022 at 10:00 a.m. to fix a Case Management Plan.

SO ORDERED.

Dated: January 13, 2022 　　　　　　　　　　　　　　/s/ Alvin K. Hellerstein
　　　　　New York, New York 　　　　　　　　　　　　ALVIN K. HELLERSTEIN
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge